East'n District.
*June*, 1823.

ROBSON
*vs.*
EARLEY.

*Preston* for the plaintiff.

—◦✦◦—

### NORTON vs. ORMSBY.

APPEAL from the court of the parish and city of New Orleans.

MARTIN J. delivered the opinion of the court. The petition states that a writ of seizure issued out of the parish court, in favor of the present defendant, against the goods of M'Carty, for about four hundred dollars, claimed for the rent of a certain house, and premises, due to the present defendant by M'Carty—that the sheriff seized all the goods there found—a part of which belonged to third persons; that the present defendant released all the property belonging to third persons, except that which belonged to the present plaintiff, consisting of two carts, &c. which he claims.

The answer avers that the property claimed is liable to the rent due to the defendant—that the goods of M'Carty are insufficient—that the plaintiff's property is peculiarly liable, as at the time of the seizure, he was M'Carty's partner,

A lessee, after transfering his whole interest in the lease, cannot exercise the rights of a sub-lessor.

in the occupation of the premises leased by M'Carty.

There was judgment for the plaintiff, and the defendant appealed.

It appears that six notes subscribed by M'Carty, payable to the defendant, were sold. They all bear date of April 5th, 1822, and, except one, are attested by H. M'Lean. One of them is for four hundred dollars, payable on the 15th of May and June, following--three of one hundred dollars each, payable in July, August and October.

Hotchkiss deposed as to the seizure of the property, and that the rent of the premises, (on which the seizure was made,) was to be paid by M'Carty and Donaldson. The plaintiff was to provide an ostler and attend to the stables---was to receive one half of the profits.

Dean deposed also as to the seizure.

So did the deputy sheriff, who deposed he surrendered all the property that did not appear to belong to M'Carty, or the plaintiff—M'Carty's property was afterwards surrendered to his syndic. There was also in the sheriff's hands three *fi fas*, against M'Carty's goods.

M'Carty, deposed that the plaintiff was enga-

East'n District.
June, 1823.

NORTON
vs.
ORMSBY.

ged with him in keeping the stables. He was to superintend them and find an ostler, and was to receive half of the profits. The deponent's syndic sold the property seized, for six hundred dollars, including the unexpired part of the lease.

Stringer deposed, that, as syndic of M'Carty's creditors, he received from the sheriff the property seized for rent, with the consent of the defendant's attorney. That he sold it for six hundred dollars and upwards, including the unexpired part of the lease, amounting to two hundred and forty dollars—two hundred and seventy dollars are claimed as law charges—other sums are due to the notary, sheriff and clerk of the supreme court.

M'Lean deposed, that the notes, annexed to his deposition amounting to eight hundred dollars, were given by M'Carty to the defendant, for the lease of the houses, stables and appurtenances, sold by Vannorght to M'Carty. He understood M'Carty gave another note, for four hundred dollars to the defendant, for the lease.

On his cross-examination, the witness deposed that he drew the notes and delivered them to the defendant. As well as he recollects, there was no consideration given for them. He has

often heard Vannorght say he was largely in-
debted to the defendant, and wanted to secure
the amount of the lease to her and her children.
He has no hesitation in saying that Vannorght's
intention was to prevent others from taking the
property.

It is contended that the defendant is an as-
signee of the lease, and may exercise the right
of a lessor, in compelling the payment of the
rent.

The evidence shew that Vannorght, the ori-
ginal lessee, *sold* his lease, (that is to say the
right of occupying the premises during the un-
expired part of the term, for which they had
been leased to him,) to M'Carty, for a specific
sum, which he directed to be paid to the present
defendant, and that, for this purpose, M'Carty
executed six promissory notes.

Vannorght, the original lessee, had a right to
make a sub lease, or to transfer his lease. *Civil
Code, 374, art. 9.*

If he had made a sub-lease, the sub-lessee
would have been bound to pay him the rent, as
to a landlord, and would have been entitled to
claim from the sub-lessor whatever a lessee
may claim of a landlord. If by accident the
buildings leased had been totally or partially

East'n District.
*June,* 1823.

NORTON
*vs.*
ORMSBY.

destroyed, the sub-lessee might, according to the nature of the case, have claimed a diminution of the rent or the cancelling of the lease. *Id. art.* 20.

By transferring or selling his lease, Vannorght, as he did not undergo the obligations of a sub-lessor, did not acquire any of a sub-lessor's rights or privileges. He had no rent to demand. The consideration of the sale, or transfer, does not differ in its nature from the price or consideration of the sale of a tract of land, a chattel, an incorporeal right, or a debt.

This price, once agreed upon, might have been retained, even if the leased buildings were consumed by fire. The defendant, to whom this price was to be paid, took notes payable to herself, with the consent of Vannorght, the vendee, the object of whose bounty she was. Nothing shews that either Vannorght, or she, contracted, towards M'Carty, the obligations of a sub-lessor.

It is true, one of the witnesses deposes, that M'Carty was to pay the *rent,* and this he heard from M'Carty and the plaintiff. But M'Lean, one of the defendant's witnesses, who was the person who drew the notes, expressly swears, that the notes were " the price of the

East'n District.
June, 1823.

NORTON.
vs.
ORMSBY.

lease, sold by Vannorght to M'Carty." It does not appear that Vannorght retained any interest in the leased premises, nor transferred any to the defendant, except the right of receiving the price, for which the lease was sold.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish couat be affirmed with costs.

*Lobdell* for the plaintiff, *Preston* for the defendant.